ALTENBERND, Judge,
Specially concurring.
Nothing in this special opinion is derived from the arguments of the parties. The issues presented by the parties probably justify the opinion of the court in this case. The nonbinding arbitration that we compel in this opinion is unlikely to be particularly helpful or harmful to these parties. Nevertheless, there are three aspects of this case that warrant comment.
First, I doubt that we have appeal jurisdiction in this proceeding. The arbitration agreement that Avatar Properties seeks to enforce requires nonbinding arbitration. The provisions in the arbitration code, chapter 682, Florida Statutes (2009), seem designed to apply to binding arbitration. This is not a case where the trial court can enter an order compelling arbitration pursuant to section 682.03 and then wait to see whether it will be called upon to confirm the binding decision pursuant to section 682.12. Instead, contractual provisions for nonbinding arbitration are similar to the nonbinding arbitration that the court itself can order pursuant to Florida Rule of Civil Procedure 1.820 and section 44.103, Florida Statutes (2009). An order sending a case to such nonbinding arbitration is not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). See Ebbitt v. Terminix Int’l Co., 792 So.2d 1275 (Fla. 4th DCA 2001). At best, I think we have jurisdiction to review this order by common law certiorari, and I doubt that Avatar Properties would be entitled to common law relief if the case had been argued properly.
Second, the parties do not appear to understand that the warranty agreement is actually a contract in the nature of insurance issued by a home warranty association regulated under sections 634.301 through 634.348, Florida Statutes (2003). The purchase and sale agreement provides for warranties “set forth in the Bonded Builders Home Warranty Association Specimen Booklet BB-W502 (‘Bonded Builders Warranty’), incorporated herein by reference.” I assume that form BB-W502 is a form that has been filed for approval with the state pursuant to section 634.312, but I am not certain and cannot find this form in the record.
The parties have given us a warranty on forms BB-W1110ST (06/06) and BB-W1110GP (06/06), which contain a nonbinding arbitration provision. I have no idea whether this arbitration provision is in BB-W502 as referenced in the contract.
Moreover, this nonbinding arbitration provision is an agreement to arbitrate any dispute “under any BBWG warranty.” BBWG is Bonded Builders Warranty Group. It is an association that is not a party to the purchase and sale agreement. Indeed, it is not a party to this appeal. I do not see how an incorporation by reference of an arbitration agreement between this association, which is essentially a spe *768 cialty insurance company, and the Greet-hams creates any arbitration for disputes arising under the purchase and sale agreement with Avatar Properties. That said, this dispute looks like it probably is a claim under the warranty that should be pursued against BBWG rather than a claim for breach of the purchase and sale agreement.
Finally, in our record, paragraph 38 of the purchase and sale agreement, which deals with prevailing parties in a dispute under the agreement, and paragraph 39, which deals with an unknown topic, are either highlighted in a manner that makes them illegible or were stricken and not initialed by the parties when the contract was executed. If these provisions are important to our decision, we have not relied on them because they cannot be read in any of the copies that are in our record.